THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* IRVING GREENE, Defendant.

County Court, Kings County, November 14, 1952.

*Miles F. McDonald*, District Attorney (*Maxwell Lustig* of counsel), for plaintiff.

*Arnold Cohen, Norman B. Johnson* and *Benjamin Spector* for defendant.

SOBEL, J. The defendant is charged with murder, first degree.

Because of his history of retardation in school and a prior commitment to the Wassaic State School as a mental defective, I committed him to Kings County Hospital for mental examination. The hospital examiners reported to me that the defendant is a mental defective, but is capable of understanding the charge against him, the proceedings against him and of making his defense.

A hearing has been held before me. It is my opinion as a result of such hearing that the defendant, Greene, is not mentally capable of proceeding to trial — I have thus overruled the findings of the hospital examiners. I base my ruling not alone on my questioning and observation of Greene, but also on the testimony of the District Attorney's psychiatrist and two psychiatrists appointed by me to advise with the defendant's assigned counsel.

The statutes in question (Code Crim. Pro., §§ 662, 662-a, 662-b, 662-c) are clear that the court may find that a defendant is capable of proceeding with the trial even though the official hospital examiners report him insane. These statutes, however, do not specifically provide that the court may find a defendant *insane* when the official examiners report him to be *sane*.

Nevertheless, I rule that the court has such power.

There are no reported cases in this State on that point.

Chapter V of title XII (§§ 658 to 662-f) of the Code of Criminal Procedure was enacted in 1939 by chapter 861 of the Laws of that year. This omnibus amendment which abolished the old lunacy commissions and substituted the present procedure of appointing official qualified examiners was introduced by Senator Desmond. The Senator in his memorandum to the Governor urging approval of his bill, stated: " The court at all times retains its complete discretion. The reports of the psychiatrists are in no way binding upon the court, but only advisory for the court's information. The court may reject the psychiatrists' recommendations. If it be dissatisfied with their report, the court may appoint a third psychiatrist. Even then the court may do what it thinks appropriate. It is not compelled to carry out the psychiatrists' recommendations under any circumstances."

However, the 1939 statute was not at all clear in this regard. An amendment was adopted in 1942 to clarify this point. (L. 1942, ch. 284.) The sponsor of that amendment was Assistant District Attorney FULD, now Judge FULD of the Court of Appeals. In his memorandum to the Governor, he stated: " Concerning the amendment affording the court power to reach a conclusion as to the defendant's sanity — which might be contrary to the finding expressed by the psychiatrists — I call your attention to the present section 662 of the Code. It is now provided that the report shall contain the necessary findings concerning the defendant's sanity — or insanity — at the time of the examination and a recommendation as to the appropriate institution to which the defendant should be sent if ultimately committed. If the psychiatrists, the statute continues, find the defendant to be sane, ' and the court concurs ', the proceedings are to be resumed as if no examination had been ordered. Then, the statute recites: ' if the court does *not* concur with the findings of the psychiatrists * * * the proceedings against such defendant may be resumed or the court may request the superintendent of the hospital or the director of said division of psychiatry, as the case may be, to appoint a third psychiatrist to examine the defendant and to submit a report to the court.' You will observe that this section fails to deal with a case where the report contains a finding of sanity and the court, not concurring in that conclusion, believes the defendant to be insane. The court's only power seems to be to have a third psychiatrist appointed. In other words, the present law is defective in not providing that the court should have the power of concluding, on the basis of the psychiatrist's report, and whatever other evidence may be available, that the defendant is in such state of mental incompetency as to make it impossible for him to defend the criminal charges pending against him. This hiatus in the statute is not remedied by the following section (§ 662-a) since that section merely contemplates a situation where two of the psychiatrists certify that the defendant is insane ' and the court * * * concurs in such finding '; in such an event, the trial is suspended until the defendant regains his sanity. Nothing is said, however, about a case where the psychiatrists find the defendant sane but the court believes that he is not in a proper state to understand the proceedings and to make his defense. Accordingly, it seems essential, for the proper administration of the law — particularly since the amendment providing specifically for a hearing contemplates cases wherein the

court will not confirm the psychiatrist's findings — that the court be vested with an independent power and duty of reaching a conclusion concerning the defendant's ability to understand the proceedings and to make his defense.''

While the 1942 amendment again did not in explicit language clarify the law, I conclude that the legislative intention is clear to allow the court complete discretion to determine whether or not a defendant is capable of proceeding to trial irrespective of the findings of the official examiners.

It is my conclusion that Irving Greene is presently in such state of idiocy, imbecility or insanity as to be incapable of understanding the charge against him, or the proceedings or of making his defense. He is committed to Matteawan State Hospital until he is sufficiently recovered so that the proceedings against him may be resumed.