Felix J. Aulisi, J.
The defendant is charged with having shot and killed Bichard Smith on July 17, 1959, on the St. Lawrence University Campus at Canton, Ñ. Y., and has been indicted for murder in the second degree. At the time of her arraignment, through her attorney, the defendant entered a plea of not guilty, by reason of insanity. Thereupon on motion of the Dis *855 trict Attorney this court ordered the defendant committed to the St. Lawrence State Hospital for mental examination.
The terms of the order have been carried out. The report of the State psychiatrists has been filed with the court and a copy thereof given to the District Attorney and the defendant’s attorney. Said report concludes that the defendant is in such state of idiocy, imbecility, or insanity as to render her incapable of understanding the charge against her or the proceedings or of making her defense. The examiners recommend that she be hospitalized in an institution of maximum security, and that she be certified to Matteawan State Hospital.
The defendant refused to accept the findings of the psychiatrists and she desired to controvert them. The District Attorney urged that the report be confirmed and that the recommendation made by the examiners be carried out.
A hearing has been held before me and testimony was given by psychiatrists on both sides and by the defendant herself. The sole question to decide here is whether or not the defendant possesses the capacity to understand the charge against her or to make her defense thereto.
This case poses a difficult problem to me for the reason that it is not easy for a layman to evaluate the conflicting testimony of medical experts particularly in a field involving the mental competency of a person.
I am satisfied that this court is not compelled to carry out the recommendations of the State’s psychiatrists under every circumstance (People v. Greene, 203 Misc. 191) and that sections 662, 662-a, 662-b and 662-c of the Code of Criminal Procedure are sufficiently broad to give this court complete discretion to arrive at a conclusion as to the defendant’s mental status which might be contrary to the findings and recommendations of the official hospital examiners.
While the opinions of experts are entitled to due consideration, they are not conclusive upon the court (Dougherty v. Milliken, 163 N. Y. 527) and in resolving the factual issue here involved, the court is required to apply legal, not medical tests (People v. Irwin, 166 Misc. 751; Matter of Martin, 82 Misc. 574). There is a distinction between insanity as the term is understood in medical science and insanity as the term is understood in legal science, so as to relieve a person from criminal responsibility. A person may be insane, as the term is ordinarily understood, and still be responsible for the commission of a crime (People v. Nyhan, 171 N. Y. S. 466).
A mentally ill or insane person may be tried for the commission of a crime if he is capable of understanding the charge *856 against him or of making his defense. The law makes a distinction between the mental irresponsibility which precludes trial for a crime and that which excuses from liability for a crime. An act done by a person who is insane is not a crime, but one is not excused from criminal liability as an insane person or of unsound mind except at the time of the commission of the alleged criminal act he was laboring under such defect of reason as either not to know the nature and quality of the act he was doing or not to know that the act was wrong. But the prohibition against trial is that one cannot be tried while in a state of insanity so as to be incapable of understanding the proceeding or making his defense (People ex rel. Peabody v. Chanler, 133 App. Div. 159, 162).
There is no doubt in my mind that the defendant knows and understands the charge against her or the proceedings or of making her defense. I have noted her actions and conduct throughout these proceedings. I have watched her converse with the matron, in whose custody she has been, with her attorney and with her psychiatrist. Her acts have impressed me as being rational. At all times she has acted calmly with little or no emotion, not excited and there has been nothing about her behavior or actions that would tend to indicate she was irrational. She attended a high school in Rochester and has the practically average I.Q. of 96. On the witness stand the defendant answered nearly all questions clearly and concisely. She told of her early life, the make-up of her large family, her work, and her experiences with Bichard Smith.
I have been impressed with her testimony and her conduct during the course of these proceedings and after considering all of the proof in this case I am convinced that the defendant has a complete understanding of the charge pending against her and of the facts constituting the crime she is charged with having committed.
The proceedings against the defendant shall be resumed as if no examination had been ordered and the District Attorney is directed to enter an order in conformance with the decision herein and serve a copy thereof upon the defendant’s attorney.